832 P.2d 694

**STATE of Arizona, Appellee,**

v.

**Max Julian REED, Appellant.**

**No. 1 CA-CR 91-0118.**

Court of Appeals of Arizona, Division 1, Department D.

May 7, 1992.

Redesignated as Opinion June 18, 1992.

Grant Woods, Atty. Gen. by Paul J. McMurdie, Chief Counsel, Crim. Div., and Michael A. Edwards, Asst. Atty. Gen., Phoenix, for appellee.

Dean W. Trebesch, Maricopa County Public Defender by James L. Edgar, Deputy Public Defender, Phoenix, for appellant.

OPINION

GERBER, Judge.

On appeal, appellant Max Julian Reed raises the question whether he can properly be convicted of aggravated assault on a school bus driver who was not technically an employee of a school but rather of a school district. We affirm his conviction for reasons which follow.

The Maricopa County Grand Jury indicted Reed on charges of aggravated assault, a class 6 felony, in violation of Ariz.Rev. Stat. Ann ("A.R.S.") §§ 13–1204(A)(6) and (B) and –1203(A)(1) for striking Daniel Bonnet, a Scottsdale public school bus driver, as Bonnet transported school children home from school on January 16, 1990.

According to the evidence supporting the verdict, Bonnet was a bus driver for the Scottsdale School District. One day while he was driving the school bus on his regular route, a scuffle began between two children, M.R., a 10–year old boy, and another child. Bonnet, who had a duty to maintain order, grabbed M.R. by the upper arm or shoulder, pulled him back towards the rear of the bus, reprimanded him, and then released him and the other boy. Bonnet stopped the bus out of traffic and wrote a report on M.R., which led to the child's exile from the bus for several days.

Several weeks later, Reed went to the bus stop and waited for Bonnet's bus. After the bus stopped, Reed stepped into the bus, identified himself and beat Bonnet in the face six to eight times while Bonnet was pinned in his seat by a seat belt. As a result of the assault, Bonnet suffered a broken nose and bruises on his chest and arms.

After the verdict against Reed, the court entered a judgment of guilt, designated the offense a felony, suspended the imposition of sentence, and placed Reed on three years probation with 6 months flat time in

**678**

jail and ordered that he successfully complete a program of anger control and non-violence therapy.

Reed filed a timely notice of appeal. This court has jurisdiction to hear this appeal under Ariz.Const., art VI, § 9 and A.R.S. §§ 12–120.21(A)(1), 13–4031 and –4033.

Reed contends that he was improperly convicted of aggravated assault under A.R.S. § 13–1204(A)(6) because Bonnet was not an employee of "any school" but rather an employee of a "school district." Reed frames the issue as one involving the statutory interpretation of "employed by any school." We must thus decide whether A.R.S. § 13–1204(A)(6) protects a school bus driver employed by a school district from assault while he is driving a school bus.

A.R.S. § 13–1204(A)(6) provides as follows:

> A. A person commits aggravated assault if such person commits assault as defined in § 13–1203 under any of the following circumstances:
>
> . . . .
>
> 6. If such person commits the assault *knowing or having reason to know the victim is* a teacher or *other person employed by any school and such* teacher or *other employee* is upon the grounds of a school or grounds adjacent to such school or *is in any part of a* building or *vehicle used for school purposes,* or any teacher or school nurse visiting a private home in the course of his professional duties, or any teacher engaged in any authorized and organized classroom activity held on other than school grounds.

(Emphasis added.)

A fair reading of A.R.S. § 13–1204(A)(6) leaves no doubt regarding legislative intent. The statute was drafted to protect teachers and other school employees from assault under carefully defined school-related circumstances.

There are several problems with Reed's argument. Under his view, no teacher or employee of a public school would be protected by A.R.S. § 13–1204(A)(6). Only employees of a private institution would fall within the definition of "school" in A.R.S. § 15–101(13) because they are employed by a "school" rather than a school "district." Nothing in the language of A.R.S. § 13–1204(A)(6) suggests a legislative intent to discriminate between public and private school employees.

Appellant's argument fails for another similar reason. School principals, nurses and teachers would never be protected by A.R.S. § 13–1204(A)(6) if Reed's argument were correct because such persons are hired and paid by the governing board of a school district rather than by an individual school within the district. Under Reed's interpretation, virtually all public school employees would be denied the protection of this statute merely because they are employees of a school district, the legal entity for school-related contracts. Reed's argument is inconsistent with the statute, its intent, and its scope. His conviction and sentence are affirmed.

TAYLOR, P.J., and EHRLICH, J., concur.